**UNITED STATES of America**

v.

**Edward CARTER, Jr.**

**Crim. No. 29–69.**

United States District Court, District of Columbia.

Dec. 17, 1975.

William H. Collins, Jr., U. S. Atty., Washington, D. C., for United States.

Harry J. Fulton, Public Defender Service, Washington, D. C., for defendant.

### MEMORANDUM AND ORDER

GESELL, District Judge.

This matter is again before the Court on the further applications of St. Elizabeth's Hospital and Mr. Carter that Mr. Carter be released, either unconditionally or conditionally, for maximum security at the Hospital where he is being held, having been found not guilty by reason of insanity. Recent previous proceedings involving Mr. Carter are covered by this Court's Order of January 6, 1975, and the decision of the United States Court of Appeals for the District of Columbia Circuit in No. 75–1110 (July 22, 1975).

A medical staff conference held November 18, 1975, determined that there is no longer a basis for diagnosing Mr. Carter as a sexual sadist and that "the patient is without mental disorder." A copy of the staff report is annexed. The record contains the pertinent St. Elizabeth's file, a voluminous document, and, in addition, the Court had the benefit of the testimony of Dr. Joseph T. Smith, the psychiatrist on the staff of St. Elizabeth's most directly responsible for the present diagnosis and recent care of Mr. Carter. Dr. Smith altered his prior testimony somewhat because of two circumstances: first, a more scientifically grounded determination that Mr. Carter does not suffer from any organic brain damage; and, second, Mr. Carter's new unsworn acknowledgement that he made up his insanity defense out of whole cloth from the outset.

In short, Mr. Carter is presented as a man without mental disease or defect who sim-

ply had a tendency to rape. On this basis, Dr. Smith concluded that while Mr. Carter may have criminal inclinations he does not belong at St. Elizabeth's. The U. S. Attorney, who opposes release, attempted to obtain an appraisal of the likelihood of Mr. Carter's future conduct. Dr. Smith acknowledged that Mr. Carter's behavior controls, while improved, are still inadequate under stress. It was noted that Mr. Carter has performed exceptionally well and avoided uncontrolled behavior under stress "in house," but Dr. Smith acknowledged it is impossible to make any firm prognosis as to what Mr. Carter might or might not do, particularly under sex stress, if released. Dr. Smith recommended that Mr. Carter be granted gradual independence under conditional release circumstances in order to allow him to be returned to the community under a controlled transition.

Based on the entire record the Court is satisfied that no basis exists for continuing Mr. Carter as a patient at St. Elizabeth's. Although Mr. Carter apparently bamboozled the U. S. Attorney and St. Elizabeth's, the proof as a whole establishes he is without mental disorder. The present state of Mr. Carter's health controls. *Dixon v. Jacobs*, 138 U.S.App.D.C. 319, 427 F.2d 589 (1970).

Obviously the appropriate thing to do would be to set aside the not guilty finding and prosecute for the underlying offense. It is apparent, however, that the finding of not guilty by reason of insanity cannot be reopened or re-examined. *Kepner v. United States*, 195 U.S. 100, 24 S.Ct. 797, 49 L.Ed. 114 (1904); *Fong Foo v. United States*, 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962); *Illinois v. Somerville*, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973).

A prodigious judicial effort has been devoted to the "insanity defense" in criminal cases over the last two decades, particularly in this jurisdiction. Trial judges, although never consulted in the fashioning of the changing rules, have sought to apply these rules with care and the U. S. Attorney has been responsibly attempting to make them work. A basic underlying difficulty continues to be the lack of adequate medical knowledge properly to diagnose mental illness. Very little is really known about the human mind. Doctors are obliged to reach conclusions on unconfirmed theories and facts largely obtained from the offender who can withhold or concoct data at will. Conscious of a need for greater certainty, physicians and psychologists attempt to categorize mental illnesses under constantly changing, elusive definitions. Examining experts frequently disagree. The composite attitude of the St. Elizabeth's staff itself changes, not only as theories and definitions change but because differing conclusions are reached as new staff members are added to the staff which constantly turns over. Yet, in the nature of things, judges are unable to take any action except on the advice of these experts, even though the judge recognizes that that advice in the present state of knowledge is necessarily volatile and inexact.

As long as the present system obtains, the courts must exercise their responsibility in reliance upon inadequate medical advice, and thus it will unfortunately continue to be impossible to assure adequate protection of the public which, in the end, should be a primary concern.

Mr. Carter shall forthwith be unconditionally released from St. Elizabeth's Hospital.

SO ORDERED.